IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LAFETTE L. GORDON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 12-3238 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

<u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

Lafette L. Gordon has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. As directed, the Government filed a Response. The Government's Motion to Dismiss is pending. The Petitioner has also filed a Response and Supplement.

I.

On September 15, 2009, a grand jury in the Central District of Illinois returned a four-count indictment against the Petitioner Lafette L. Gordon. Counts One through Three charged Gordon with a Distribution of a Schedule I controlled substance (MDMA), in violation of 21 U.S.C. §

841(a)(1). Count Four charged Gordon with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Pursuant to 21 U.S.C. § 851, the Government filed a notice of its intention to seek an enhanced sentence based on the Petitioner's prior drug conviction.

On May 21, 2010, pursuant to a written plea agreement, Gordon pled guilty to Counts One through Three of the Indictment. As part of the plea agreement, the Government agreed to dismiss Count Four of the Indictment and further agreed that it would not oppose a sentence at the low end of the advisory Sentencing Guidelines and would recommend a sentence below the Guideline range depending upon the Petitioner's cooperation.

Pursuant to the plea agreement, the Petitioner agreed to waive his right to file an appeal, except for his right to appeal any sentencing enhancement based on U.S.S.G. § 4B1.1 (Career Offender), or any sentence which was above his Guideline range. Gordon also waived his right to collaterally attack his sentence:

> The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed

in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, the Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code. Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction. Notwithstanding the above, the defendant reserves the right to appeal any sentencing enhancement made under U.S.S.G. § 4B1.1 for a Career Offender or the imposition of a sentence which is above the sentencing guideline range (upward departure).

See United States v. Lafette L. Gordon, Case No. 3:09-cr-30092, Doc. No. 16 ¶12.

On October 4, 2010, the Court determined that Gordon qualified as

a career offender and sentenced him to concurrent terms of 188 months of imprisonment on each of the three counts of conviction; followed by six years of supervised release; a $900 fine; and a $300 special assessment. The Petitioner filed a notice of appeal the same day.

On appeal, the Petitioner contended that his conviction for aggravated fleeing should not qualify as a crime of violence for career offender purposes. The United States Court of appeals rejected the argument and, on July 19, 2011, affirmed the judgment of this Court.

On September 7, 2012, the Petitioner filed a pro se motion to vacate, set aside or correct his sentence pursuant to § 2255. The Government filed a motion to dismiss. The Petitioner filed a response in opposition to the motion, and a supplement to the response.

II.

Plea agreements are contracts which should be interpreted according to their terms. See United States v. Smith, 759 F.3d 702, 706 (7th Cir. 2014). When a defendant in a plea agreement has "knowingly and voluntarily waived his appellate rights, and the terms of that waiver are

express and unambiguous," a court must enforce the waiver. See id. "The sole type of ineffectiveness claim we have said that a defendant may not waive is an ineffectiveness claim having to do with the waiver (or the plea agreement as a whole) and its negotiation." Id. at 707.

The language in paragraph 12 of the plea agreement is clear and unambiguous. The Petitioner agreed to waive the right to collaterally attack or challenge his sentence or the manner in which it was determined, including any claim of ineffective assistance of counsel. Based on the waiver, the only grounds available to Gordon are that the waiver was not voluntary or counsel was ineffective in connection with the waiver.

In his motion under § 2255, the Petitioner did not contend that his waiver of the right to collateral attack was not voluntary or that his counsel was ineffective in negotiating the waiver. Gordon raised the following grounds: (1) the indictment was defective for failing to allege a specific drug type and/or drug amount; (2) the indictment was defective because it did not allege or identify which substances or mixtures are part of the Government's drug evidence; (3) counsel failed to have the drug evidence

5

analyzed by an independent laboratory during the pre-trial/pre-plea stage; (4) counsel failed to have the "purported" crack cocaine weighed by an independent analyst; (5) counsel failed to conduct a pre-trial/pre-plea investigation; and (6) counsel failed to interview the government's witnesses, in addition to potential defense witnesses.

The Petitioner also contends that appellate counsel was ineffective because he did not raise any issues relating to what he claims are the deficiencies with the indictment. Based on the waiver in the plea agreement, appellate counsel raised the only issue he was permitted to argue–that Gordon's aggravated felony conviction should not qualify as a career offender predicate offense.[1]

In his motion under § 2255, the Petitioner did not argue that his waiver of the right to collateral attack was not voluntary or that counsel was ineffective in negotiating the waiver. The Petitioner affirmed under oath that he was satisfied with his legal representation, that he fully understood

---

[1] The Petitioner would have also been permitted to appeal a sentence which was above his sentencing guidelines range, if the Court had departed upward from the applicable range.

the plea agreement and accepted and agreed to it without reservation, including the waiver of the right to appeal and collateral attack, and that he entered into the plea agreement voluntarily and of his own free will in order to gain the benefit of the promises made by the Government. Voluntary responses made by a defendant under oath before a judge are binding. See United States v. White, 597 F.3d 863, 868 (7th Cir. 2010). Therefore, a guilty plea following a Rule 11 colloquy has "a presumption of verity." See United States v. Bennett, 332 F.3d 1094, 1099 (7th Cir. 2003).

The Petitioner stated that he was satisfied with counsel's services. Based on the Petitioner's statements under oath, which were voluntary and of his own free will, and given that he did not raise any grounds contesting the voluntariness of the waiver or counsel's effectiveness in negotiating the waiver, the Court will dismiss his § 2255 motion.

In his response to the Government's motion to dismiss, Gordon alleges that if his grounds for relief are construed liberally, the Court could infer he is asserting that the waiver was not knowing and voluntary and/or counsel was ineffective for executing the waiver. It is evident that the

Petitioner is simply attempting to recast his argument in response to the Government's motion to dismiss. The Court concludes that Petitioner's waiver was knowing and voluntary and counsel was not ineffective in negotiating the waiver.

In his supplement, the Petitioner claims that United States Magistrate Judge Byron G. Cudmore accepted his guilty plea in violation of the Federal Magistrates Act. However, the Court concludes that the Petitioner's supplemental claim has also been waived in the plea agreement.[2]

The Petitioner has failed to show that he is in federal custody pursuant to an unconstitutional or illegal sentence. Therefore, none of his claims warrant relief under § 2255. An appeal may be taken if the Court issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A). Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), the Court declines to

---

[2] Even if the claim had not been waived, the Petitioner would be entitled to no relief. Magistrate Judge Cudmore conducted the hearing and prepared a report and recommendation, which the Court accepted on July 15, 2010. This practice has been approved by the Seventh Circuit. See United States v. Harden, 758 F.3d 886, 891 (7th Cir. 2014).

issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

Ergo, the Government's Motion to Dismiss the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [d/e 4] is ALLOWED.

The Petition under 28 U.S.C. § 2255 of Lafette L. Gordon to Vacate, Set Aside or Correct Sentence [d/e 1] is DISMISSED.

The Petitioner's Motion to Supplement [d/e 11] is ALLOWED.

The Petitioner's Supplemental Claim [d/e 12] is DISMISSED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

The Clerk will terminate this case.

ENTER: June 4, 2015

    FOR THE COURT:

        s/Richard Mills
        Richard Mills
        United States District Judge